Clarence COLE and Wilma Cole, Appellants (Plaintiffs below),

v.

The FIRST NATIONAL BANK OF GIL-LETTE, Wyoming, Appellee (Defendant below).

No. 3583.

Supreme Court of Wyoming.

Nov. 22, 1967.

R. G. Diefenderfer, Bruce P. Badley, Sheridan, for appellants.

David D. Uchner, Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Chief Justice HARNSBERGER delivered the opinion of the court.

As a down payment upon a purchase contract with Wyoming Homes, Wilma Cole delivered to a Wyoming Homes salesman appellants' check, payable to Wyoming Homes, in the sum of $4,000 drawn upon appellants' account held under the name "Buffalo Auto. Supply," in The First National Bank of Buffalo, Wyoming. Without there being any endorsement on the check, the salesman took it to the The First National Bank of Gillette, the appellee. The Gillette bank, thereupon, deposited $4,000 to the credit of Wyoming Homes without the check having any endorsement other than there being stamped thereon "First National Bank Gillette, Wyoming For Deposit Only," together with the Gillette bank's own transferring endorsement to the order of any bank. Through banking channels, the check came to The First National Bank of Buffalo, and the $4,000 was then charged to and deducted from the appellants' Buffalo Auto Supply account.

Claiming there was failure of consideration for the check and that it was fraudulently obtained, appellants sought recovery from appellee on the theory the Gillette bank was a transferee with only the rights possessed by Wyoming Homes, and the bank was not a holder in due course or even a holder as defined by statute and decision of this court and consequently subject to defenses of failure of consideration and fraud.

The appellee moved for summary judgment, and the motion was opposed, although appellants agreed there was no genuine issue as to material facts. After hearing upon the motion, summary judgment was rendered in favor of defendant, and the Coles have appealed contending this court, as a matter of law, should reverse.

Appellants' first argument is that under the provisions of §§ 34-1-106, 34-1-201, 34-2-711, 34-3-201, 34-3-202, 34-3-302, 34-3-304, 34-3-306, 34-4-105, and 34-4-205, W.S.1957 (1965 Cum.Supp.), the appellee owned merely an equitable title to the check

which was subject to all defenses available to its maker.

In the view we take, only § 34–4–205, is of major importance, with the possible exception of § 34–4–201, W.S.1957 (1965 Cum. Supp.). Section 34–4–205 clearly authorized the Gillette bank, as the depositary bank taking the check for collection, to place a statement on the check to the effect that the item was credited to the account of a customer, which statement is said to be as effective as the customer's endorsement. This was done. The section is as follows:

"(1) A depositary bank which has taken an item for collection may supply any indorsement of the customer which is necessary to title unless the item contains the words 'payee's endorsement required' or the like. In the absence of such a requirement a statement placed on the item by the depositary bank to the effect that the item was deposited by a customer or credited to his account is effective as the customer's indorsement.

"(2) An intermediary bank, or payor bank which is not a depositary, is neither given notice nor otherwise affected by a restrictive indorsement of any person except the bank's immediate transferor."

Any question as to whether Wyoming Homes was such a "customer" within the meaning of § 34–4–205 is answered by § 34–4–104(e), W.S.1957 (1965 Cum.Supp.), reading, " 'Customer' means any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank".

It follows that the Gillette bank having credited the amount of the check to the account of its payee and a final settlement of the item having been made, the bank did not step into the shoes of the payee or become subject to any equities between the check's maker or its payee. Thus matters of possible failure of consideration or of fraud relate solely to matters between the Coles and Wyoming Homes to which transactions the appellee was not a party.

The judgment of the trial court is affirmed.

Affirmed.